Jeffrey S. Swyers, Esq.
Owen M. Rumelt, Esq.
Christopher M. Leins, Esq.
SLEVIN & HART, P.C.
Attorneys for Plaintiffs
614 Hempstead Gardens Drive
West Hempstead, NY 11552
(516) 203-7570
        -and-
1625 Massachusetts Avenue N.W., Ste. 450
Washington D.C. 20036
(202) 797-8700
(202) 234-8231 (fax)
jswyers@slevinhart.com
orumelt@slevinhart.com
cleins@slevinhart.com

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

DIVISION 1181 AMALGAMATED TRANSIT
UNION – NEW YORK EMPLOYEES PENSION
FUND and its TRUSTEES,

|  |  |
|---|---|
| Plaintiffs, | **COMPLAINT** |
| v. | Case No. 2:16-cv-5015 |
| MOUNTAINSIDE TRANSPORTATION CO., INC. and RPM SYSTEMS INC. | |
| Defendants. | |

------------------------------------------------------------------X

        Plaintiffs, by counsel, hereby complain of Defendants, as follows:

### Introduction

1.      This is a suit by and on behalf of the Division 1181 A.T.U. - New York

Employees Pension Fund (the "Fund") and its Trustees, (the "Trustees") against Mountainside

Transportation Co., Inc. ("Mountainside") and RPM Systems Inc. ("RPM") brought under the

Employee Retirement Income Security Act of 1974 ("ERISA"), as amended by the

Multiemployer Pension Plan Amendments Act of 1980, 29 U.S.C. §§ 1001 *et seq.*  Plaintiffs seek

a judgment awarding withdrawal liability, interest, liquidated damages, and attorneys' fees and costs under ERISA, as well as injunctive relief compelling Defendants' response to the Fund's request for a complete list of each trade or business under common control.

### Jurisdiction and Venue

2.     This Court has jurisdiction over this action under Sections 502, 515, and 4301(c) of ERISA, 29 U.S.C. §§ 1132, 1145 and 1451(c).

3.     Venue is proper in this district pursuant to 28 U.S.C. § 1391 and Section 502(e)(2) of ERISA, 29 U.S.C. § 1132(e)(2), in that the Defendants maintain their primary place of business in this district.

### Parties

4.     The Fund is a multiemployer pension plan within the meaning of Sections 3(37) and 4001(a)(3) of ERISA, 29 U.S.C. §§ 1002(37) and 1301(a)(3), that provides retirement benefits to eligible participants.

5.     The Fund is administered at 20 North Central Avenue, Valley Stream, New York 11580.

6.     The Trustees are fiduciaries of the Fund within the meaning of Section 3(21) of ERISA, 29 U.S.C. §1002(21).  Pursuant to Sections 502(a)(3), 515, 4221(d), and 4301(a)(1) and (b) of ERISA, 29 U.S.C. §§ 1132(a)(3), 1145, 1401(d), and 1451(a)(1) and (b), the Trustees are authorized to bring this action on behalf of the Fund, its participants and beneficiaries, for the purpose of collecting withdrawal liability.

7.     At all times pertinent to this action, Defendants have been employers within the meaning of 29 U.S.C. § 152(2) and Section 3(5) of ERISA, 29 U.S.C. § 1002(5), and have been

engaged in an industry affecting commerce, within the meanings of Sections 3(11) and (12) of ERISA, 29 U.S.C. §§ 1002(11) and (12).

8.      At all times pertinent to this action, Defendant Mountainside has been a New York corporation with a principal place of business located at 841 Essex Street, Brooklyn, NY 11208.

9.      At all times pertinent to this action, Defendant RPM has been a New York corporation with a principal place of business located at 841 Essex Street, Brooklyn, NY  11208.

## Factual Allegations in Support of Relief Sought

10.      The Fund incorporates the foregoing paragraphs as if fully stated herein.

11.      Until their withdrawal from the Fund on or about June 30, 2014, Defendants employed employees represented for the purposes of collective bargaining by Amalgamated Transit Union Local 1181 ("Local 1181"), a labor organization representing employees in an industry affecting interstate commerce.

12.      At all times pertinent to this action, Defendants were signatories and bound by collective bargaining agreements with Local 1181 (the "CBAs").

13.      Pursuant to the CBAs, and at all times pertinent to this action, Defendants were obligated to contribute to the Fund on behalf of their covered employees.

14.      Pursuant to the CBAs, and at all times pertinent to this action, Defendants were obligated to abide by the terms and conditions of the Agreement and Declaration of Trust establishing the Fund and any amendments thereto ("Trust Agreement") and any rules and policies adopted by the Trustees pursuant to the Trust Agreement.   The Fund's policy on delinquencies and collection are also incorporated by reference in the CBAs.

15.     Pursuant to their authority under the Trust Agreement, the Trustees adopted the Policy for Collection of Delinquent Contributions (the "Collection Policy") and the Fund's Withdrawal Liability Rules.  Accordingly, Defendants are bound by the Fund's Collection Policy and Withdrawal Liability Rules.

16.     The Fund's Withdrawal Liability Rules provide that interest on delinquent withdrawal liability payments shall be determined using the interest rates applicable to unpaid contributions to the Fund as provided in the Fund's Collection Policy.  The Fund's Collection Policy provides an interest rate of the Fund's custodial bank's prime rate plus 2% per annum.

17.     Pursuant to the CBAs, Defendants were also obligated to submit monthly reports and contributions to the Fund.

18.     The Fund determined that, on or about June 30, 2014, Defendants effected a "complete withdrawal" from the Fund, as said term is defined in Section 4203 of ERISA, 29 U.S.C. § 1383.

19.     The Fund determined that Defendants have common ownership and therefore are one Employer within the meaning of Section 4203 of ERISA, 29 U.S.C. § 1383, for purposes of assessing withdrawal liability.

20.     The Fund also determined that, as a result of this complete withdrawal, Defendants incurred withdrawal liability to the Fund in the amount of $2,455,893.00, as determined under Section 4201(b) of ERISA, 29 U.S.C. § 1381(b).

21.     On or about September 3, 2015, the Fund sent Defendants a Notice and Demand for payment of withdrawal liability with a payment schedule issued by the Fund in accordance with Sections 4202(2) and 4219(b)(1) of ERISA, 29 U.S.C. §§ 1382(2) and 1399(b)(1).

22.     This Notice and Demand for payment informed Defendants that their withdrawal liability was $2,455,893.00, payable according to the schedule contained therein in 75 quarterly payments of $59,288.04 with a final payment of $44,013.50.

23.     The Notice and Demand also requested that Defendants furnish to the Fund, within thirty (30) days, a complete list of each trade or business under "common control" as defined by ERISA Section 4001(b), 29 U.S.C. § 1301(b).

24.     The Fund's September 3, 2015 Notice and Demand was returned to the Fund with "return to sender, unable to forward" noted on its envelope.

25.     Defendants did not make the first required payment or any payment thereafter, nor did they respond to the Fund's request for this information, in violation of Section 4219(a) of ERISA, 29 U.S.C. § 1399(a).

26.     On or about December 17, 2015, the Fund again attempted to send via certified mail a copy of the Notice and Demand to the home address of the owner of Defendants, Peter Rossi, Jr.  The Fund's December 17, 2015 Notice and Demand was returned to the Fund with "return to sender, unclaimed, unable to forward" noted on its envelope.

27.     Accordingly, the Fund sent another copy of the Notice and Demand via regular mail to Defendants on February 23, 2016.  Under the February 23, 2016 Notice and Demand and payment schedule, the first payment was due to the Fund by April 23, 2016, with subsequent payments made quarterly thereafter.

28.     The Fund has not received any indication that its February 23, 2016 Notice and Demand was not delivered.

29.     On or about June 2, 2016, the Fund's counsel sent Defendants a letter notifying Defendants that they were delinquent in making their first quarterly withdrawal liability payment

and that they would be in default within the meaning of ERISA Section 4219(c)(5)(A), 29 U.S.C. § 1399(c)(5)(A), if they did not cure the delinquency within 60 days from receipt of the letter.

30.     Neither Defendants, nor any other trade or business under common control with Defendants, has paid any of the withdrawal liability that is owed to the Fund.

31.     Neither Defendants, nor any other trade or business under common control with Defendants, has initiated arbitration of the withdrawal liability assessment within the time period specified in Section 4221(a)(1) of ERISA, 29 U.S.C. § 1401(a)(1) and are now precluded from doing so.

## Count I

### (For Defendant Mountainside's Delinquent Withdrawal Liability)

32.     The Fund incorporates the foregoing paragraphs as if fully stated herein.

33.     Defendant Mountainside has failed to make the required withdrawal liability payments due to the Fund, despite its obligation to do so under the CBA and Sections 515 and 4219(c) of ERISA, 29 U.S.C. §§ 1145 and 1399(c).

34.     ERISA Section 4301(b), 29 U.S.C. § 1451(b), provides that the failure to make withdrawal liability payments when due shall be treated as a contribution delinquency under Section 515 of ERISA, 29 U.S.C. § 1145.

35.     Defendant Mountainside is in default within the meaning of Section 4219(c)(5)(A) of ERISA, 29 U.S.C. § 1399(c)(5)(A) and 29 C.F.R. § 4219.33, and the full amount of the withdrawal liability is now due and owing.

36.     By the foregoing conduct, Defendant Mountainside has violated Sections 515 and 4219(c) of ERISA, 29 U.S.C. §§ 1145 and 1399(c), and is liable under Section 502(g)(2) of ERISA, 29 U.S.C. § 1132(g)(2), for withdrawal liability in the amount of $2,455,893.00; interest

on the withdrawal liability at the rate of the Fund's custodial bank's prime rate plus 2% per annum; an amount equal to the greater of the foregoing accrued interest or liquidated damages equal to twenty (20%) percent of the withdrawal liability; and the attorneys' fees and costs incurred by the Fund in collection of the delinquent withdrawal liability, including the attorneys' fees and costs of this action.

## Count II

### (For Defendant RPM's Delinquent Withdrawal Liability)

37.    The Fund incorporates the foregoing paragraphs as if fully stated herein.

38.    Defendant RPM has failed to make the required withdrawal liability payments due to the Fund, despite its obligation to do so under the CBA and Sections 515 and 4219(c) of ERISA, 29 U.S.C. §§ 1145 and 1399(c).

39.    ERISA Section 4301(b), 29 U.S.C. § 1451(b), provides that the failure to make withdrawal liability payments when due shall be treated as a contribution delinquency under Section 515 of ERISA, 29 U.S.C. § 1145.

40.    Defendant RPM is in default within the meaning of Section 4219(c)(5)(A) of ERISA, 29 U.S.C. § 1399(c)(5)(A) and 29 C.F.R. § 4219.33, and the full amount of the withdrawal liability is now due and owing.

41.    By the foregoing conduct, Defendant RPM has violated Sections 515 and 4219(c) of ERISA, 29 U.S.C. §§ 1145 and 1399(c), and is liable under Section 502(g)(2) of ERISA, 29 U.S.C. § 1132(g)(2), for withdrawal liability in the amount of $2,455,893.00; interest on the withdrawal liability at the rate of the Fund's custodial bank's prime rate plus 2% per annum; an amount equal to the greater of the foregoing accrued interest or liquidated damages equal to twenty (20%) percent of the withdrawal liability; and the attorneys' fees and costs incurred by

the Fund in collection of the delinquent withdrawal liability, including the attorneys' fees and costs of this action.

## Count III

### (For Injunctive Relief Under ERISA § 502(a)(3)(A) against Defendants)

42.     The Fund incorporates the foregoing paragraphs as if fully stated herein.

43.     ERISA Section 502(a)(3)(A), 29 U.S.C. § 1132(a)(3)(A), permits a plan fiduciary to bring an action "to enjoin any act or practice which violated any provision of this title or the terms of the plan."

44.     Defendants' failure to respond to the Fund's request for information by providing a complete list of each trade or business under "common control" is in violation of Section 4219(a) of ERISA, 29 U.S.C. § 1399(a).

45.     Accordingly, the Fund is entitled to an injunction compelling Defendants' response to the Fund's request for a complete list of each trade or business under common control, as said terms is defined by ERISA Section 4001(b), 29 U.S.C. § 1301(b), with Defendants, as required by Section 4219(a) of ERISA, 29 U.S.C. § 1399(a).

WHEREFORE, the Fund requests a judgment against Defendants, for all amounts due to the Fund at the time this cause reaches judgment and other relief, to wit:

(a)     A judgment against Defendants on behalf of the Fund, pursuant to Sections 502(g), 515, and 4219(c) of ERISA, 29 U.S.C. §§ 1132(g), 1145, and 1399(c), for:

(i)     Withdrawal liability in the amount of $2,455,893.00;

(ii)    Interest on the withdrawal liability accrued at the rate of the Fund's custodial bank's prime rate plus 2% per annum from April 23, 2016 through the date of payment of the withdrawal liability;

(iii)   An amount equal to the greater of the interest accrued on the withdrawal liability or liquidated damages in the amount of twenty (20%) percent of the withdrawal liability; and

(iv)   The attorneys' fees and costs incurred by the Fund in the collection of the withdrawal liability, including the attorneys' fees and costs of this action;

(b)   An injunction compelling Defendants' response to the Fund's request for a complete list of each trade or business under common control, as said terms is defined by ERISA Section 4001(b), 29 U.S.C. § 1301(b), with Defendants, as required by Section 4219(a) of ERISA, 29 U.S.C. § 1399(a); and

(c)   Such further or different relief as this Court may deem proper and just.


Dated: West Hempstead, NY
       September 9, 2016

Respectfully submitted,

_____/s/ Owen M. Rumelt_____
Jeffrey S. Swyers, Esq.*
Owen M. Rumelt, Esq.
Christopher M. Leins, Esq.*
SLEVIN & HART, P.C.
614 Hempstead Gardens Drive
West Hempstead, NY 11552
(516) 203-7570
       -and-
1625 Massachusetts Avenue N.W., Ste. 450
Washington D.C. 20036
(202) 797-8700
(202) 234-8231 (fax)
jswyers@slevinhart.com
orumelt@slveinhart.com
cleins@slevinhart.com

Counsel for Plaintiffs

*Pro hac vice application forthcoming

- 9 -

A copy of this Complaint will be served upon the Secretary of Labor and the Secretary of the Treasury by certified mail, as required by Section 502(h) of ERISA, 29 U.S.C. § 1132(h).

20428567v1